## F. L. MILLER *v.* BROWN & FORSYTH.

EXEMPTION. *Homestead. Improvements. Mechanic's lien.* Real estate in the occupancy of the head of a family is not exempt from sale for the satisfaction of a debt contracted for improvement made thereon, although the creditor may have lost his lien as a mechanic for the debt.

### FROM GIBSON.

Appeal from the Chancery Court at Humboldt. JOHN. SOMERS, Ch.

W. I. McFARLAND for complainant.

H. T. JOHNSON & BRO. for defendant.

COOPER, J., delivered the opinion of the court.

The defendants having built a house on the land of complainant, filed a bill to enforce the mechanic's.

lien, and recovered a judgment against the complainant for $591.15, and a decree for the sale of the land in satisfaction thereof. At the sale the defendants bought the land for $100, and the report of sale was confirmed, and title vested in them subject to the complainant's right of redemption. The original bill in this cause was filed to redeem the land upon an alleged tender in time of the amount of the bid with interest and costs. The defendants answered, filing their answer as a cross-bill. The complainant appealed from the decree of the chancellor overruling his demurrer to the cross-bill.

The substance of the cross-bill is that the land was bid off by the defendants at $100 upon the special request of the complainant to diminish the costs, and upon his agreement to pay the entire debt of the defendants in order to redeem. It is further insisted that as the defendants had the legal title to the land, and a judgment against complainant for the unpaid balance of their debt, the court would not deprive them of the title without compelling the complainant to do equity by the payment of their debt in full. The learned counsel of the complainant concedes that his client would not be permitted to redeem under these circumstances without paying the whole debt if the land was subject to the satisfaction of the debt by execution, for the obvious reason that the court would do at once what might be done circuitously by a sale of the land by virtue of the execution as soon as it was redeemed: *Cooley* v. *Weeks*, 10 Yer., 141. And it is clear that the defendants might, in the case sup-

posed, reach the equity of the defendant in the land for the satisfaction of the judgment, the complainant being, as alleged in the cross-bill, insolvent. But the complainant insists that the rule as conceded by him does not apply where the property is exempt from execution, and that the land in controversy is thus exempt, he being entitled to a homestead right. It is, perhaps, a sufficient answer to this position to say that the cross-bill does not show the existence of the homestead right, or state facts from which its existence may be inferred. It does admit that the complainant is in possession of the land, but not that he is the head of a family, or entitled to homestead. The demurrer is therefore to this extent a speaking demurrer. But the true answer is that the land is not exempt from the execution even if the complainant has a homestead right, for the judgment is for the cost of the building erected on the land by the defendants, and the statute expressly provides that the real, estate in the occupancy of the head of the family shall not be exempt from sale for the satisfaction of any debt or liability "contracted for improvements made thereon": Code, sec. 2114 *a.* The lien of the mechanic may be lost, but the debt for the improvement remains. It has been so held in the analogous case of a vendor's lien: *Bentley* v. *Jordan,* 3 Lea, 353, 358. The homestead is not exempt from the debt.

Affirm the decree with costs, and remand.